UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALBERT EDMOND                                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:03CV345-KS-RHW

JIMMY PEARCE, et al                                                      DEFENDANTS

### ORDER

This matter came before the Court for a screening hearing pursuant to 28 U.S.C. § 1915A(a), which provides that the Court "shall review. . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental etntity or officer or employee of a governmental entity."  Plaintiff filed a 42 U.S.C. § 1983 complaint alleging various constitutional violations arising from his incarceration.  On December 7, 2005, the Court conducted a hearing to explore the legal issues and factual allegations raised in Plaintiff's complaint.  At the hearing, the Plaintiff and all served Defendants consented to have the case determined by the undersigned.  Pursuant to § 1915A, the Court shall dismiss a prisoner's complaint, or any portion thereof, if it determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The Court has reviewed Plaintiff's pleadings and the allegations made at the screening hearing on December 7, 2005.  The Court finds that Plaintiff asserts the following claims against the named Defendants:  (1) Plaintiff's right to privacy was violated because female guards have an unrestricted view into the men's showers and toilet facilities; and (2) Defendants violated his right to due process in the investigation and disciplinary hearings related to various rule

violations.  Although Plaintiff also mentioned in his complaint that he had been assaulted by four inmates on one occasion, he informed the Court that this assault was not part of the present lawsuit.  The Court notes that Plaintiff has at least three other § 1983 lawsuits pending, two of which involve assaults by prison guards and inmates.

Plaintiff raises an array of alleged constitutional violations arising out of the rule violation reports (RVR) and disciplinary hearing process.  For example, he asserts that (1) the hearing officer convened a four-member committee rather than have his RVR determined by a single hearing officer; (2) Plaintiff was not given proper notice; (3) Plaintiff was not permitted to present witnesses on his behalf; and (4) Plaintiff was not afforded a complete and unbiased investigation.  For each of the RVRs alleged in the complaint, Plaintiff received a punishment of administrative segregation.

An inmate does not have a constitutionally based liberty interest in his custodial classification.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Administrative segregation, being an incident of the ordinary life of a prisoner, will never be a ground for a constitutional claim absent exigent circumstances.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).  Plaintiff has not alleged any exigent circumstances.  As such, Plaintiff does not allege any due process or other constitutional violation arising from his classification.  *See Sandin v. Connor*, 515 U.S. 472, 485 91995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Plaintiff's claim of a right to privacy is slightly more problematic.  Plaintiff has a history of RVRs for indecent exposure.  He ties these RVRs into his right to privacy claim.  Plaintiff alleges that his right to privacy under the Fourth, Eighth, and Fourteenth Amendments has been violated because female prison guards have an unrestricted view into the showers and toilet

facilities. The Fifth Circuit has held that inmates possess a constitutional right to bodily privacy that arises under the Constitution. *See Oliver v. Scott*, 276 F.3d 736, 743-46 (5th Cir. 2002). Such a right is minimal, at best, but requires the Court to balance the intrusion against the state's legitimate penological interest. *Id.* at 745. The analytical framework for examining this issue is laid out in *Oliver*. The Court finds that Plaintiff has at least stated a cause of action for a constitutional violation based on his right to privacy that requires some response from the State beyond the current pleadings.

IT IS THEREFORE ORDERED AND ADJUGED that Plaintiff's claim for due process violations relating to his time spent in administrative segregation is dismissed for failing to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Plaintiff's case will proceed against Defendant Ronald King on the issue of whether Defendant violated Plaintiff's right to privacy.

IT IS FURTHER ORDERED that the parties shall conform to the following case management order:

(1) discovery shall be completed on or before February 24, 2006

(2) dispositive motions shall be filed on or before March 10, 2006

SO ORDERED, this the 9th day of December, 2005.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE