UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALBERT EDMOND                                                                                      PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 2:03CV345-RHW

JIMMY PEARCE, et al                                                                            DEFENDANTS

### ORDER ON RECONSIDERATION

Before the Court is Plaintiff Albert Edmond's [29] Motion for Reconsideration of the Court's [26] Order dismissing certain claims. In his Motion, Edmond argues that the Court should not dismiss his claim for due process violations that resulted from punitive segregation. Edmond argues that there is a distinction between administrative segregation and punitive segregation and that he received punitive segregation, which therefore triggers certain due process rights which Defendants violated. As a result, he argues that the Court should not have applied the standard in *Sandin v. Connor*, 515 U.S. 472 (1995) to his case.

As an initial matter, Edmond's attempt to distinguish between administrative and punitive segregation and whether it affects the application of *Sandin* is misplaced. In *Sandin*, the plaintiff was placed in disciplinary segregation for 30 days as punishment for violating prison disciplinary rules. *Id.* at 486. Specifically, the plaintiff directed angry and foul language at a prison guard during a strip search. The Court held that the plaintiff's confinement in disciplinary segregation for 30 days "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.*

*Sandin* is directly applicable to Edmond's lawsuit. In this case, Edmond was confined to administrative segregation for violating prison disciplinary rules on several occasions.

Specifically, he received rule violation reports for indecent exposure. Each time he was confined to disciplinary segregation for 20 days. As in *Sandin*, these brief confinements in disciplinary segregation do not present the type of atypical, significant deprivation that might conceivably create a liberty interest.

However, Edmond also points out in his Motion, that he received a six-month C-custody classification, where in effect he was placed in disciplinary segregation for six months as a result of accumulated rule violations. He asserts that prison officials failed to follow State law and prison regulations in imposing this disciplinary segregation. Subsequent to *Sandin*, "prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion" and hence constitutional violations. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Rather, only those freedoms from restraint that impose an "atypical and significant hardship" will raise a constitutional concern. *Id.* at 31-32. In interpreting *Sandin*, the Fifth Circuit in dicta stated that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status." *Id.* Plaintiff has not alleged that the duration of his confinement was affected, only that he was placed in segregation.

The question before the Court is whether Plaintiff's extended punitive lockdown would entitle Plaintiff to relief under the *Sandin* test. *See Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003). In light of the Fifth Circuit's holding in *Wilkerson* and out of an abundance of caution, the Court will permit Plaintiff to explore the issue of whether this six-month confinement in lockdown presents a dramatic departure from the basic conditions of his sentence, i.e. whether Edmond's confinement exceeded similar, but totally discretionary confinement in

either duration or degree of restriction such that the Defendants violated a State-created liberty interest.  *See id*; *see also Wagner v. Hanks*, 128 F.3d 1173 (7th Cir. 1997); *Colon v. Howard*, 215 F.3d 227 (2nd Cir. 2000); *Hatch v. District of Columbia*, 184 F.3d 846 (D.C. Cir. 1999).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration is GRANTED in part, and the Court's [26] Order of December 9, 2005, is modified to reflect that Plaintiff is permitted to continue pursuing his due process claim under the *Sandin* test for the six-month lockdown he received for rule violations.  In all other respects, Plaintiff's Motion to Reconsider is DENIED.

SO ORDERED, this the 24th day of January, 2006.

                                          s/ *Robert H. Walker*
                                          UNITED STATES MAGISTRATE JUDGE